

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| WANDA ROBINSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>ANDREW M. SAUL, *commissioner of the Social Security Administration*,<br>　　　　Defendant. | §<br>§<br>§<br>§<br>§　Civil Action No. 9:19-01060-MGL<br>§<br>§<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION,
REVERSING DEFENDANT'S DECISION,
AND REMANDING FOR FURTHER AGENCY PROCEEDINGS**

This is a Social Security appeal in which Plaintiff Wanda Robinson (Robinson) seeks judicial review of a final decision of Defendant Andrew Saul (Saul) denying Robinson's claim for Disability Insurance Benefits. This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Saul's decision be reversed and the action be remanded to Saul for further agency proceedings. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on April 17, 2020.  On May 1, 2020, Saul indicated he did not intend to file any objections to the report.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).  Moreover, a failure to object waives appellate review.  *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein.  Therefore, it is the judgment of the Court Saul's decision is **REVERSED** under sentence four of 42 U.S.C. § 405(g) and the case is **REMANDED** to Saul for further administrative action.

**IT IS SO ORDERED.**

Signed this 4th day of May 2020 in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE